**DELDAR LEGAL**
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
Alister S. Wong (CA SBN 320182)
*awong@deldarlegal.com*
10866 Wilshire Blvd., Suite 740
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiffs MIGUEL CASTRO and TERESA CASTRO

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL CASTRO, an individual; and TERESA CASTRO, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No.:<br><br>**ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT (NEGLIGENCE)** |

**1**
**ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT (NEGLIGENCE)**

Plaintiffs MIGUEL CASTRO and TERESA CASTRO (hereafter referred to as "Plaintiffs"), by and through their attorney, P. David Cienfuegos, now come before this Court and complain of the UNITED STATES OF AMERICA, as follows:

## I.

## PARTIES

1. Plaintiff MIGUEL CASTRO is a competent adult who has claims or potential claims and who brings this action individually.

2. Plaintiff TERESA CASTRO is a competent adult who has claims or potential claims and who brings this action individually.

3. At all relevant times, the defendant, the UNITED STATES OF AMERICA, acted through its agency, the UNITED STATES POSTAL SERVICE ("USPS").

## II.

## JURISDICTION AND VENUE AND CONDITION PRECEDENT

4. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., against the UNITED STATES OF AMERICA, which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the Federal District Court.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a defendant and the underlying events transpired in the Northern District of California.

6. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiff timely served notice of their claims on August 6, 2020, on U.S. Postal Service, Operations Programs Support, Tort Claims, 1675 7th Street, Room 320, Oakland, CA 94615.

8. Plaintiffs' claim has not been rejected but is still being processed and this complaint is filed to maintain the legal claim within the two-year statute of limitations.

///

///

## III.

## STATEMENT OF FACTS

9. This is a personal injury action arising out of the injuries suffered by MIGUEL CASTRO and TERESA CASTRO, in Morgan Hill, California.

10. On April 11, 2020, at 3:20 p.m., Plaintiff MIGUEL CASTRO was driving his vehicle (2003 Toyota Tacoma, White, License Plate No. 77951Y1) heading southbound on Dewitt Avenue when ANGEL MONTELONGO JR., an employee of USPS driving a marked mail truck traveling ahead of Plaintiffs' vehicle, made a sudden and unsafe U-turn in front of Plaintiff's vehicle.

11. As a direct result of ANGEL MONTELONGO JR.'s sudden and unsafe U-turn, the front left portion of the marked mail truck t-boned the right side of Plaintiffs' vehicle causing extensive injuries to Plaintiffs and damage to the right front wheel, passenger's side doors, door panels, and all the way through the passenger side rear bumper.

## IV.

## FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL TORT CLAIMS ACT - NEGLIGENCE

12. Plaintiffs incorporate by reference herein all allegations set forth above.

13. At the above-referenced date, time and place, the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and its agent drivers, owed a duty of care to Plaintiffs, to manage, maintain, control, entrust, and operate the subject vehicle in a reasonable manner, but breached such duty when the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, negligently, carelessly, recklessly, and/or unlawfully operated, maintained, controlled and/or entrusted the vehicle that each was operating, and also violated various relevant codes and/or statutes.

14. The defendant, the UNITED STATES OF AMERICA, through its agency, USPS, knew or in exercise of reasonable care should have known such actions and omissions constituted a dangerous and an unreasonable risk of harm of which Plaintiffs were at all times unaware of. The defendant, the UNITED STATES OF AMERICA, through its agency, USPS, negligently

failed to take steps to either make the condition safe or warn the Plaintiffs of the dangerous condition, thereby causing the hereinafter described injuries and damages to the Plaintiffs.

15. As a direct result of this negligent conduct, the vehicle driven by the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, collided with the vehicle in which Plaintiffs were traveling, causing Plaintiffs to suffer permanent harm and damages, including past and future hospital and medical expenses, special damages, and general damages in an amount according to proof.

16. Plaintiffs have suffered general and special damages all to their detriment.

17. The conduct of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, was a substantial factor in causing Plaintiffs serious bodily harm.

18. As a legal result of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, Plaintiffs sustained damages in an amount according to proof.

19. As the direct and proximate result of the negligence of the above named the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, Plaintiffs were hurt and injured in Plaintiffs' health, strength and activity, sustaining serious injuries to their bodies and severe shock and injuries to the nervous system and person, all of which injuries have caused and continue to cause Plaintiffs great mental, physical and nervous pain and suffering, all to the Plaintiffs' general damages in an amount according to proof.

20. As a further and direct and proximate result of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, Plaintiffs were required to and did incur medical and incidental expenses thereby. The exact amount of such expenses in an amount according to proof.

21. As a further and direct and proximate result of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, Plaintiffs' vehicle, and property sustained damages and its value diminished. The exact amount of such damages and diminution in value in an amount according to proof.

22. Plaintiffs are informed and believe and thereon allege that as the direct result and proximate cause of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, Plaintiffs will, for a period of time in the future, be required to employ physicians and incur additional medical and incidental expenses in an amount according to proof.

23. At the time of the above-mentioned incident, Plaintiffs were gainfully employed. As a further and direct and proximate result of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, Plaintiffs were unable to attend to their usual employment and have lost income in an amount according to proof.

24. Plaintiffs are informed and believe and thereon allege that as a direct and proximate result of the negligence of the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, and each of them, Plaintiffs will, for a period of time in the future, be unable to attend and\or obtain gainful employment or that ability to obtain gainful employment is diminished and\or earning capacity has been diminished. The exact amount of such losses will be shown according to proof.

25. The acts and events set forth above constitute negligent and wrongful acts and omissions of agents and employees the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, inter alia, negligently, carelessly, recklessly, and/or unlawfully operated, maintained, and/or controlled the vehicle that he was operating, and also violated various relevant California Vehicle Codes and/or California Statutes by crashing the vehicle he was driving into the rideshare vehicle in which Plaintiffs were traveling and causing injury to Plaintiffs, while acting within the scope of his office and employment, under circumstances where the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of California.

26. These claims are actionable under the United States Tort Claims Act, which provides that: The remedy against the United States provided by sections 1346(b) and 2672 of this title [28 U.S.C.] for injury or loss of property, or personal injury or death arising or resulting

from the negligent or wrongful act or omission of any employee of the UNITED STATES OF AMERICA while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred. See 28 U.S.C. § 2679 (b)(1).

27. Under the Federal Torts Claims Act, the defendant, the UNITED STATES OF AMERICA, through its agency, USPS, is liable for the above-described actions of agent ANGEL MONTELONGO JR. as he was acting within the scope of his employment for the defendant, the UNITED STATES OF AMERICA, through its agency, USPS.

## V.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs MIGUEL CASTRO and TERESA CASTRO are entitled to damages from the United States, and they do hereby pray that judgment be entered in their favor and against the UNITED STATES OF AMERICA in an amount of no less than $500,000,000 as follows:

1. For general damages according to proof.
2. For special damages according to proof.
3. For personal property damages according to proof.
4. For pre-judgment and post-judgment interest as allowed by law.
5. For attorney's fees and costs of suit incurred herein; and
6. For such other and further relief as this Court may deem just and proper.

Dated: March 22, 2022                                     Respectfully Submitted,

**DELDAR LEGAL**

By: _____
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
Alister S. Wong (CA SBN 320182)
*awong@deldarlegal.com*
10866 Wilshire Blvd., Suite 740
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for MIGUEL CASTRO and TERESA CASTRO

---

7
**ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT (NEGLIGENCE)**