UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MIGUEL CASTRO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  22-cv-01829-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 21 |

Plaintiffs Miguel and Teresa Castro assert a single claim for negligence against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. Dkt. No. 1.  They seek money damages for personal injuries and property damage. *Id.* at 6.  The United States moves for partial summary judgment and to limit plaintiffs' damages to the "sum certain" stated in their administrative tort claims for property damage.  Dkt. No. 21.  The Castros oppose the motion.  Dkt. No. 22.[1]

The Court held a hearing on this matter on November 1, 2022.  Dkt. No. 26.  Having considered the parties' submissions and arguments made at the hearing, the Court grants the United States' motion.

I.  **BACKGROUND**

For purposes of this motion, the following facts are undisputed unless otherwise noted.

On April 11, 2020, Mr. Castro was driving his vehicle in the city of Morgan Hill, California.  Mrs. Castro was a passenger in the vehicle.  As the Castros drove southbound on

---

[1] All parties have indicated their consent to magistrate judge jurisdiction.  Dkt. Nos. 9, 12.

1 Dewitt Avenue, their vehicle collided with a vehicle being driven by an employee of the United
2 States Postal Service ("USPS").

3 On July 22, 2020, the USPS sent the Castros' counsel a letter acknowledging receipt of
4 counsel's letter of representation and enclosing a form referred to as Standard Form-95 or "SF-
5 95". Dkt. No. 21-1 ¶ 2, Ex. 1-A; Ex. 2-A. The SF-95 form may be used to submit claims to the
6 appropriate federal agency for property damage, personal injury, or wrongful death caused by a
7 federal employee. The form prompts a claimant to describe the basis of his claim, the nature of
8 any damage or injuries, and the amount claimed. Dkt. No. 21-1 ¶ 2, Ex. 1-A; Ex. 2-A. Pursuant
9 to the FTCA, "a claim shall be deemed to have been presented when a Federal agency receives
10 from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . ."
11 28 C.F.R. § 14.2(a).

12 On August 5, 2020, the Castros each submitted SF-95 forms to the USPS. Dkt. No. 21-1
13 ¶¶ 2-3, Ex. 1-E; Ex. 2-F. They described the basis for their claims and the property damage and
14 personal injuries they suffered. *Id.* (boxes 8-10). In addition, the Castros indicated that they
15 claimed the amount of $4,766.89 for property damage. *Id.* (box 12(a)). However, where the form
16 asks the claimant to state the amount of a claim for personal injury, the Castros wrote: "To be
17 determined. Still treating." *Id.* (box 12(b)). They made the same statement when prompted to
18 state the total amount of their claims. *Id.* (box 12(d)).

19 After receiving the Castros' SF-95 forms, the USPS sent the Castros' counsel multiple
20 communications requesting additional documentation supporting their claims. *Id.* ¶ 2, Ex. B, Ex.
21 C, Ex. D. The Castros did not respond to any of these communications, nor did they amend their
22 administrative tort claims. Dkt. No. 21-1 ¶ 4, Ex. 3; Dkt. No. 21-1 ¶ 7. On January 31, 2022, the
23 USPS denied the Castros' claims for failing to respond to the USPS's requests for documentation.
24 Dkt. No. 21-1 ¶ 4, Ex. 3.

25 The Castros filed this action on March 23, 2022. They assert a single claim for negligence.
26 They seek general and special damages for their injuries, damages for harm to their personal
27 property, and attorneys' fees and costs. The United States moves for partial summary judgment
28 with respect to the Castros claims for damages for personal injury.

## II. LEGAL STANDARD

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the non-moving party will bear the burden of proof at trial, the moving party may discharge its burden of production either (1) by "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery, by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 324–25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Anderson*, 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v.*

1   *Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

2   **III.    DISCUSSION**

3   The United States argues that because the Castros did not state a sum certain for their
4   personal injury claims on the SF-95 forms they filed, this Court lacks subject matter jurisdiction
5   over that aspect of their negligence claim in this action under 28 U.S.C. § 2675(a). Dkt. No. 21 at
6   7. The United States does not contest this Court's jurisdiction over the Castros' property damage
7   claims, but argues that any damages the Castros may ultimately receive are limited to the sum
8   certain stated in their administrative claims for property damage alone: $4,766.89. *Id.* at 7. The
9   Castros respond that the FTCA does not have a "sum certain" requirement, or if it does, it should
10  not apply to bar their recovery of damages for personal injury in this case. Dkt. No. 22 at 11.

11  **A.    Subject Matter Jurisdiction**

12  The FTCA grants federal district courts "exclusive jurisdiction over suits arising from the
13  negligence of Government employees." *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992).
14  However, "before an individual can file an action against the United States in district court, she
15  must seek an administrative resolution of her claim." *Id.* The failure to exhaust administrative
16  remedies deprives a court of jurisdiction over a claim arising under the FTCA. *See D.L. by and*
17  *through Junio v. Vassilev*, 858 F.3d 1242, 1245-46 (9th Cir. 2017). "The FTCA's exhaustion
18  requirement is jurisdictional and may not be waived." *Id.* To exhaust administrative remedies, a
19  plaintiff must present a claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *see also*
20  *Blair v. I.R.S.*, 304 F.3d 861, 863-64 (9th Cir. 2002) ("Under the claim presentation rule, a district
21  court cannot exercise subject matter jurisdiction over an action brought pursuant to the FTCA
22  unless the plaintiff shall have first presented the claim to the appropriate Federal agency."). A
23  claim is deemed presented for purposes of the FTCA when a party files "(1) a written statement
24  sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum
25  certain damages claim." *Blair*, 304 F.3d at 864 (quoting *Warren v. United States Dep't of Interior*
26  *Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). The requirement that the
27  claim state a specific dollar amount is jurisdictional. *See Blair*, 304 F.3d at 865; *see also*
28  *Jacobson v. U.S. ex rel. U.S. Postal Serv.*, 276 F. Supp. 2d 1106, 1108 (D. Nev. 2003) (citing

1  *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986)).

2       Here, the Castros concede that their administrative claims did not state a sum certain for damages for personal injury. Dkt. No. 22 at 7. They argue that where a claimant cannot state definitively the amount of his damages—for example, because the claimant is still being treated for his injury—a sum certain is not required. Dkt. No. 22 at 16. Their argument is foreclosed by *Blair*. In *Blair*, the Ninth Circuit held that "[t]he provision of [28 U.S.C.] § 2675(a)-(b) that requires that an action cannot be instituted for any sum in excess of the amount of the claim presented makes it apparent that the claim must state a sum certain." *Blair*, 304 F.3d at 865. "It is the statute itself that forms the basis for the jurisdictional requirement . . . ." *Id.*

     In *Blair*, the plaintiff was injured during his arrest by the IRS. *See id.* at 863. When he filed an administrative tort claim, he stated that he lost wages in the amount of $17,499,436 but did not provide a dollar amount for his personal injury damages. *Id.* Instead, the plaintiff wrote "please see attached" in the box on the SF-95 form where he was asked to provide an amount. *Id.* In an attachment, he wrote: "Medical expenses are still being incurred, with no end presently in sight." *Id.* Later, the plaintiff provided the IRS with copies of his medical bills. *Id.* The district court dismissed the entire action for lack of subject matter jurisdiction. On appeal, the Ninth Circuit affirmed in part and reversed in part, holding that the "district court had jurisdiction to adjudicate the wage loss claim, for which a sum certain was provided, though it did not have jurisdiction to adjudicate the medical expenses claim for which no sum certain was provided." *Id.* at 862. So too here. The Castros stated a sum certain for their property damage claims but did not for their personal injury claims. Accordingly, the Court has jurisdiction to adjudicate the parties' dispute concerning property damage, but it does not have jurisdiction to adjudicate their dispute concerning personal injury. *See also Ramone v. United States Postal Service*, No. 1:17-cv-0825-JLT, 2019 WL 3080820 (limiting damages to $25,000 where plaintiff indicated that the "total" amount of his claim was "well in excess of $25,000 according to proof" and wrote "claimant still treating" and "unknown at this time" when asked to state a sum certain for personal injuries).

     The Castros' reliance on *Singh v. United States*, No. 16-cv-01919-NC, 2017 WL 635476, (N.D. Cal., Feb. 16, 2017) is misplaced. *See* Dkt. No. 22 at 10. In that case, the plaintiff wrote

5

"Claimant is still treating. The claim will exceed $100,000.00" when he submitted his administrative claim. In considering the United States' motion to dismiss for lack of subject matter jurisdiction, the district court found that the plaintiff had stated a sum certain for $100,000 at the administrative level, even though he indicated that his damages would differ from and exceed that amount. The statement of a dollar amount, even if it is qualified by other language, distinguishes *Singh* from *Blair*. *See Singh*, 2017 WL 635476, at *4 (distinguishing *Blair*). Because the Castros, like the plaintiff in *Blair*, stated no dollar amount for their personal injury claims in their SF-95 forms, this Court likewise lacks jurisdiction over those claims in this action.

### B.     Asserted Impossibility of Compliance

The Castros argue that if 28 U.S.C. § 2675(a) requires them to state a sum certain at the administrative level, it was impossible to for them to comply with such a requirement. Dkt. No. 22 at 16. They note that the SF-95 form refers to criminal statutes 18 U.S.C. § 287 and 18 U.S.C. § 1001 and includes the following prominent warning: "CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS. Fine, imprisonment, or both." Dkt. No. 21-1, Ex. 1-E; Ex. 2-F. The Castros say that they could not state a dollar amount for their personal injury damages because the amount was not finally determined, and if they attempted to do so, they risked criminal prosecution for making false statements. *See* Dkt. No. 22 at 16-17.

This argument is not well-developed or persuasive. The Castros concede that they had notice of the sum certain requirement when they filed their administrative claims. Dkt. No. 22 at 8-9. The instructions on the SF-95 form state (in bold typeface): "Failure to specify a 'sum certain' amount will result in invalid presentation of your claim and may result in forfeiture of your rights." Dkt. No. 21-1, Ex. 1-E; Ex. 2-F. They cite no authority for the proposition that providing a good faith estimate or a statement of the amount of medical expenses incurred to date would subject them to criminal prosecution under 18 U.S.C. § 287 or 18 U.S.C. § 1001 or any other law, or that they failed to comply with the requirements of 28 U.S.C. § 2675(a) based on a

reasonable fear of such prosecution.[2]

Importantly, the FTCA contemplates that a claimant may not be able to finally and definitively state the amount of his claim at the administrative level and accommodates that situation in several ways. First, a claimant has up to two years from the date of an incident to file an administrative claim with the appropriate agency; he is not required to file a claim before obtaining sufficient information to quantify the amount of his damages so long as he is within the limitations period. 28 U.S.C § 2401(b). Second, federal regulations provide a claimant opportunities to amend his claim at the administrative level as he obtains additional information or supporting documentation. "A claim presented . . . may be amended by the claimant at any time prior to: (1) [t]he claimant's exercise of the option to file a civil action pursuant to 28 U.S.C. 2675(a); (2) [t]he Postal Service's issuance of a payment in the full amount of the claim; or (3) [t]he Postal Service's issuance of a written denial of the claim in accordance with § 912.9." 39 C.F.R. § 912.5(b)(1)-(3). Finally, even after filing a complaint in a federal district court, a plaintiff may be able to increase the amount of the sum certain stated at the administrative level based on newly discovered evidence or later developments. *See* 28 U.S.C. § 2675(b).

The Castros appear to have filed their administrative claims prematurely, before obtaining information that would permit them to quantify, or at least reasonably estimate, the amount of their personal injury damages. They did not attempt to amend their claims at any time during the 17 months the claims were pending before the USPS denied them, nor did they respond to the USPS's many requests for further information. Finally, the Castros concede that they have no basis to seek relief under either of the exceptions available under 28 U.S.C. § 2675(b).

**C.     Purported Unconstitutionality of Sum Certain Requirement**

The Castros argue that 28 U.S.C. § 2675(a) is unconstitutional to the extent it requires

---

[2] As evidence in support of their opposition to the United States' motion for partial summary judgment, the Castros rely on the declaration of their counsel, Mr. Cienfuegos. *See* Dkt. No. 22-1. The United States objects to parts of the declaration as speculative, lacking foundation, and inadmissible. *See* Dkt. No. 23 at 1-2. These objections are well-taken and the Court does not consider the parts of Mr. Cienfuegos's declaration to which the United States' objects. However, the portions of the declaration to which plaintiffs object are not material to this dispute in any event.

7

them to have stated a sum certain for their personal injury damages at the administrative level. Dkt. No. 22 at 17. This argument also is not well-developed. The Castros do not explain how the sum certain requirement is unconstitutional or cite any support for that argument. They do not even identify any provision of the Constitution they believe is implicated. The Court does not find this contention persuasive.

## IV.   LEAVE TO AMEND

The Castros ask the Court to grant them leave to amend their administrative claims to allege a sum certain. Dkt. No. 22 at 19. The administrative claims were before the USPS, which denied them on January 31, 2022. The Castros do not explain how they believe this Court would use its authority to give them leave to amend claims that have already been resolved by the USPS, and the Court denies this request. The Castros do not ask for leave to amend their claim in this action.

## V.   CONCLUSION

The United States' motion for partial summary judgment is granted. This Court retains jurisdiction over the portion of this action that concerns the Castros' property damage claim, but it lacks jurisdiction over the portion that concerns their claim for personal injury damages. If the Castros prevail, their damages will be limited to $4,766.89 for property damage.

The Court denies the Castros' motion for leave to amend their administrative tort claim.

**IT IS SO ORDERED.**

Dated: November 7, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

8